UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MONTEEK EDWARDS,

        Petitioner,                     Case Number: 2:19-CV-10376
                                                     HON. DENISE PAGE HOOD

v.

THOMAS WINN,

        Respondent.
_____/

**ORDER GRANTING MOTION TO AMEND (ECF 23) AND
DENYING MOTION FOR EVIDENTIARY HEARING (ECF 24)
AND MOTION TO STAY PROCEEDING (ECF 24, 27)**

Michigan state prisoner Andre Monteek Edwards filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions for second-degree murder, Mich. Comp. Laws § 750.317; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. Now before the Court are three motions filed by Edwards.

First, Edwards seeks to amend his petition with an additional argument in support of his actual innocence claim. Federal Rule of Appellate Procedure Rule 15(a)(1)(A), allows a party to amend a petition once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A). Edwards has already amended his petition and, therefore, may

only amend the petition by leave of court pursuant to Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Edwards' request does not appear to be made in bad faith or in an attempt to delay the proceedings. The proposed amendment does not raise an additional claim, it instead furthers the actual innocence argument already advanced. Respondent does not oppose the motion. The Court will grant the motion. Because no additional claim is raised, filing of a supplemental answer is not required.

Edwards also seeks an evidentiary hearing on his ineffective assistance of counsel claims. Review of a claim that was adjudicated on the merits in state court is limited to the record that was before that state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). Most of Edwards' ineffective assistance of counsel claims were adjudicated on the merits in state court and Edwards may not develop new evidence on habeas review. The claims that were not adjudicated on the merits were procedurally barred. Federal courts may consider new evidence when deciding whether there is cause and prejudice or actual innocence to excuse a procedurally defaulted claim. *See, e.g., Cullen v. Pinholster*, 563 U.S. 170, 214-16 (2011) (Sotomayor, J., dissenting) (recognizing that a federal habeas petitioner "might be able to obtain federal-court review of his new evidence if he can show

cause and prejudice for his failure to present the 'new' claim to a state court"); *Cunningham v. Hudson*, 756 F.3d 487, 486 n.4 (6th Cir. 2014) (evidence developed at evidentiary hearing on whether claim was procedurally defaulted may be considered on federal habeas review). At this point, the Court finds that the record is sufficient to resolve the cause and prejudice question. If, upon further review of the record, the Court finds a hearing necessary, the Court will *sua sponte* schedule a hearing.

Finally, Edwards has filed a motion to hold this proceeding in abeyance while the state trial court decides his successive motion for relief from judgment. That motion has since been denied by the trial court. (*See* ECF No. 28.) Edwards nevertheless still seeks a stay because he has filed a motion for reconsideration. (*Id.*) The state trial court's docket shows that the motion for reconsideration has been denied. See 12/4/2020 Dkt. Entry, *People v. Edwards*, No. 08-023861. Michigan court rules do not allow for an appeal from the denial of a successive motion for relief from judgment. *See* Mich. Ct. Rule 6.502(G)(1). Because state court collateral review has concluded, there is no reason to stay the case.

Accordingly, the Court GRANTS Edwards' Motion to Amend (ECF No. 23), and DENIES Edwards' Motion for Evidentiary Hearing (ECF No. 24) and his

Motion to Hold Petition in Abeyance (ECF No. 27).

    SO ORDERED.

                                        s/Denise Page Hood
                                        Chief Judge, United States District Court

Dated: March 30, 2021