# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ANDRE MONTEEK EDWARDS,

                    Petitioner,                    Case Number: 2:19-CV-10376
                                                       HON. DENISE PAGE HOOD

v.

THOMAS WINN,

                    Respondent.

_____/

## OPINION AND ORDER DENYING
## PETITIONER'S MOTION FOR RECONSIDERATION (ECF No. 44)
## AND MOTION FOR IMMEDIATE CONSIDERATION (ECF No. 46)

Petitioner Andre Monteek Edwards filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  In an Opinion and Order dated March 31, 2022, the Court denied the petition and declined to issue a certificate of appealability. (*See* ECF No. 42.)  Now before the Court are Petitioner's motion for reconsideration (ECF No. 44), and motion for immediate consideration of motion for reconsideration (ECF No. 46).   For the reasons explained below, the Court will deny the motions.

Petitioner maintains that there were several palpable defects in the Court's decision denying the petition and that correction of these defects would result in his petition being granted.  The Court first determines the proper standard of

review.  Because the Court has entered a judgment in this case, the Court will construe the motion for reconsideration as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e).  See E.D. Mich. LR 7.1(h)(1) ("Motions for Rehearing or Reconsideration[:] ... Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).").

"The purpose of Rule 59(e) is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotations omitted).  "A district court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).  A Rule 59 motion may not be used to relitigate issues of disagreement with the Court's final ruling.  *See, e.g., Howard*, 533 F.3d at 475 (Rule 59(e) "allows for reconsideration; it does not permit parties to effectively 'reargue a case' "); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.").

The arguments set forth by Petitioner in support of his motion for

reconsideration do not satisfy the standards under which Rule 59(e) motions may be granted.  Petitioner does not argue that an intervening change in the law requires that the Court amend its judgment, nor does he establish that the Court committed a clear error of law which must be remedied.  Petitioner's arguments also do not satisfy the only remaining prong under which Rule 59(e) relief may be granted, that evidence not previously available suddenly has become available. Instead, Petitioner merely restates the same claims and arguments already ruled upon by the Court.  Thus, Petitioner has failed to show entitlement to relief under Rule 59(e).

Petitioner's motion to expedite consideration of his motion for reconsideration is rendered moot by the Court's decision denying the reconsideration motion.

Accordingly, IT IS ORDERED that Petitioner's motion for reconsideration (ECF No. 44) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for immediate consideration (ECF No. 46) is DENIED AS MOOT.

s/Denise Page Hood
Denise Page Hood
United States District Judge

DATED: June 24, 2022

3