UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MONTEEK EDWARDS,

    Petitioner,

Case Number: 2:19-CV-10376

HON. DENISE PAGE HOOD

v.

THOMAS WINN,

    Respondent.

_____/

## ORDER DENYING MOTIONS

This matter is before the Court on motions filed by Petitioner Andre Monteek Edwards. On March 31, 2022, an Opinion and Order denying the Petition for Writ of Habeas Corpus was filed, along with a Judgment. (ECF Nos. 42, 43) Petitioner has since filed several post-judgment motions. On March 15, 2023, the Sixth Circuit Court of Appeals entered an Order denying Petitioner's multiple applications for a certificate of appealability. (ECF No. 55) Petitioner then filed Motions under Rule 60(b) which this Court transferred to the Sixth Circuit Court of Appeals. (ECF No. 66) The Sixth Circuit dismissed Petitioner's appeal from this Order. (ECF No. 67) The Sixth Circuit denied Petitioner the authorization to file successive habeas petitions and Petitioner's request to return his Rule 60(b) motion to the district court for consideration on the merits. (ECF No. 72) For the reasons set forth below, the Court denies Petitioner's current

1

motions.

In his Motion for Court of nullify its March 5, 2025 order for lack of jurisdiction, the Court denies the motion since it was in response to an Amended Rule 60(b) Motion for Relief from Judgment filed by Petitioner.

As to his Motion for Reconsideration under Rule 54(b) seeking to amend the Court's Order regarding Petitioner's seventh ineffective-assistance of counsel claim, the Court also denies the motion in that the Sixth Circuit already addressed his seventh ineffective-assistance of counsel claim and denied Petitioner's request for this Court to address the claim:

> But even assuming that the district court erred in construing these Rule 60(b) arguments as second or successive claims, we decline to return Edwards's motion to the district court for a ruling on the merits because doing so would be futile. See 28 U.S.C. § 1631 (requiring transfer only 'if it is in the interest of justice'). Although the district court overlooked Edward's seventh ineffective-assistance claim-- which asserted that counsel had 'misrepresented facts in evidence'-- this court has already determined that Edwards was not entitled to a COA on that claim because it did not deserve encouragement to proceed further. (citation omitted)  Granting relief from judgment on this claim would thus violate the law-of-the-case doctrine. *See United States v. Wilson*, 469 F. App'x 439, 440 (6th Cir. 2012) (per curiam). And Edwards was not entitled to an evidentiary hearing because habeas review of claims that were 'adjudicated . . . on the merits' in state court, like the ones at issue here, 'is limited to the record that was before the state court.'  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464-65 (6th Cir. 2012).

(ECF No. 75, Order, *In re Andre Monteek Edwards,* Case No. 23-2064 (6th Cir. Aug. 6, 2024).   The Sixth Circuit, having addressed Petitioner's seventh

ineffective-assistance of counsel claim and declined to remand the matter to this Court to address the issue, the Court finds it has no authority to now review the claim.

Accordingly,

IT IS ORDERED that the Motion for Court to Nullify its March 5, 2025 Order for Lack of Jurisdiction **(ECF No. 82)** is DENIED.

IT IS FURTHER ORDERED as the Motion for Reconsideration of Opinion and Order under Rule 54(b) **(ECF No. 83)** is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this matter because reasonable jurists would not find this Court's assessment of Petitioner's motions to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); 28 U.S.C. § 2253(c)(2); Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

s/Denise Page Hood  
DENISE PAGE HOOD  
United States District Judge

Dated:  April 4, 2025